UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT TAYLOR, JR., ET AL.                    CIVIL ACTION


v.                                            NO. 17-7668


DENKA PERFORMANCE ELASTOMER LLC, ET AL.       SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motion for an extension
of time to file a motion for class certification.  For the reasons
that follow, the plaintiffs' motion is DENIED.

**Background**

This litigation arises from the defendants' production of
neoprene at their St. John the Baptist Parish facility, which
allegedly exposes those living in the vicinity to concentrated
levels of chloroprene well above the upper limit of acceptable
risk, resulting in a risk of cancer more than 800 times the
national average.

The Pontchartrain Works facility (PWF), located in LaPlace,
Louisiana, is the only facility in the United States that continues

1

to manufacture a synthetic rubber known as neoprene. The neoprene production works at PWF were owned and operated from 1969 through November 2015 by E.I. du Pont de Nemours and Company (DuPont). DuPont still owns the land, but the production works are now owned and operated by Denka Performance Elastomer LLC (DPE). As part of the neoprene production process, chloroprene is manufactured; chloroprene has been classified by the U.S. Environmental Protection Agency since 2010 as a likely human carcinogen.

Robert Taylor, Jr., Kershell Bailey, Shondrell P. Campbell, Gloria Dumas, Janell Emery, George Handy, Annette Houston, Rogers Jackson, Michael Perkins, Allen Schnyder, Jr., Larry Sorapuru, Sr., Kellie Tabb, and Robert Taylor, III are all individuals living in the communities surrounding the PWF in Reserve, Edgard, and LaPlace, Louisiana. On June 29, 2017, these individuals, individually and as representatives of a putative class of similarly situated plaintiffs, sued Denka Performance Elastomer LLC and E.I. DuPont De Nemours and Company in the Louisiana 40th Judicial District Court in St. John the Baptist Parish. The plaintiffs allege that DuPont has emitted chloroprene for many years at levels resulting in concentrations many times the upper limit of acceptable risk, and DPE continues to do so. In April 2017, the EPA released a redacted inspection report showing more than 10,000 violations by Denka related to emissions of chloroprene

from the PWF. It is alleged that the the top six census tracts in the nation with the highest NATA-estimated cancer risks are the census tracts in the vicinity of the PWF. Accordingly, the plaintiffs allege Louisiana state law claims of nuisance, trespass, negligence, and strict and absolute liability; they seek injunctive relief and damages resulting from alleged exposure to chloroprene released from the PWF.

The defendants jointly removed the lawsuit on August 9, 2017, invoking this Court's diversity jurisdiction. In response, plaintiffs moved to remand. Defendants then moved for leave to file an amended joint notice of removal in connection with the plaintiffs' motion to remand on October 20, 2017. This Court denied the plaintiffs' motion to remand and granted the defendants' request for leave to file an amended notice of removal on November 15, 2017. The amended notice of removal was filed that day.

The plaintiffs now move for an extension of the deadline to file a motion for class certification under Local Rule 23.1(B). The defendants oppose the motion to extend, arguing that the initial notice of removal renders the extension untimely and that the plaintiffs have shown no good cause to warrant an extension.

Local Rule 23.1(B) is an extension of Federal Rule of Civil Procedure 23(c)(1), which provides that class action certification must be determined "at an early practicable time." Escoe v. State Farm Fire & Cas. Co., No. 07-1123, 2007 WL 2903048, at *1 (E.D. La. Sept. 27, 2007). Specifically, Local Rule 23.1(B) requires a plaintiff to move for class certification "[w]ithin 91 days of filing his complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later," unless the court extends the deadline for good cause shown. Courts adhere to the plain text of the Rule, construing it to create a deadline of 91 days after the original complaint or notice of removal is filed, notwithstanding any amendments filed thereafter. See Lowery v. Divorce Source, Inc., No. 15-1120, 2015 WL 5321758, at *1, *5 (E.D. La. Sept. 11, 2015) (holding that original complaint and not amended complaint created the deadline); McGuire v. Gulf Stream Coach, Inc., No. 06-5659, 2007 WL 1198935, at *1-2 (E.D. La. Apr. 20, 2007) (holding that the notice of removal created the deadline); Dickerson v. City of Gretna, No. 05-6667, 2007 WL 1098787, at *1, *3-4 (E.D. La. Mar. 30, 2007) (calculating the deadline for Local Rule 23.1(B) from the date of the initial complaint rather than subsequent amendments); see also Sellers v.

El Paso Indus. Energy, L.P., 08-403, p. 13 (La. App. 5 Cir. 2/10/09); 8 So. 3d 723, 730 (reasoning that recognizing amendments to the complaint as extensions of the filing deadline for a similar state rule would allow a plaintiff to "circumvent the timeliness provision") (citing Howard v. Gutierrez, 474 F. Supp. 2d 41, 54 (D.D.C. 2007), reconsideration denied, 503 F. Supp. 2d 392 (D.D.C. 2007)); cf. Escoe, 2007 WL 2903048, at *1-2 (the amended complaint applied to the calculation of the deadline because the amended complaint was the first instance in the lawsuit in which class action allegations appeared). Although the Fifth Circuit has not yet addressed whether an amended notice of removal restarts the Local Rule 23.1(B) clock, courts have used the original notice of removal as triggering the deadline. See McGuire, 2007 WL 1198935, at *1-2; Lauer v. Chamale Cove, No. 06-1423, 2007 WL 203974, at *1-2 (E.D. La. Jan. 24, 2007). Given the plain language of the local rule, as reinforced by the case literature, it follows that an amended notice of removal does not revive the deadline for seeking class certification.

*B.*

Without good cause shown, district courts in this circuit generally deny class certification or extensions for seeking class certification when the request is made beyond the deadline created

5

by Local Rule 23.1(B). See Lowery, 2015 WL 5321758, at *5 (citing McGuire, 2007 WL 1198935, at *1; Lauer, 2007 WL 203974, at *1); Restreppo v. Al-Mona, Inc., No. 11-1422, 2012 WL 1941926, at *2 (E.D. La. May 29, 2012) (citing Buckley v. Donohue Indus., Inc., 100 F. App'x 275, 278 (5th Cir. 2004); Townsend v. Hibernia Nat'l Bank, No. 93-1798, 1994 WL 24233, at *2 (E.D. La. Jan. 20, 1994)). "If a Plaintiff fails to move for class certification within the 91-day period stipulated by Local Rule 23.1(B), absent a showing of good cause, courts will dismiss or strike class allegations." Thigpen v. Fla. Gas Transmission Co., L.L.C., No. 14-1415, 2015 WL 1292821, at *2 (E.D. La. Mar. 23, 2015) (collecting cases). Consistent with this strict policy, "plaintiffs with a potential deadline extension should still act prudently by filing a motion for class certification before the deadline passes, so as to preserve those rights." Restreppo, 2012 WL 1941926, at *1 (citing Price v. United Guar. Residential Ins. Co., No. 3:03-CV-2643-G, 2005 WL 265164, at *5 (N.D. Tex. Feb. 2, 2005)).

To be sure, the Court retains discretion to order an extension of the deadline when the plaintiff demonstrates good cause. LR 23.1(B). This Court has defined good cause to mean the plaintiff's failure to meet the deadline despite due diligence. Lowery, 2015 WL 5321758, at *5; Restreppo, 2012 WL 1941926, at *1 (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535

(5th Cir. 2003)). The good cause test is not met simply because the plaintiff has difficulty making a claim due to complex discovery; certification of a class is separate and distinct from the pleadings made on behalf of that class. Escoe, 2007 WL 2903048, at *2; see also Stewart v. Project Consulting Servs., Inc., No. 99-3595, 2001 WL 1000732, at *1-2 (E.D. La. Aug. 29, 2001) (granting a motion to dismiss the class action for failure to certify the class within the deadline set by Local Rule 23.1(B) despite the plaintiff's intentions to compel discovery). Nor does the need to conduct discovery preceding class certification constitute good cause. See Kramer v. New Orleans Saints, No. 01-2451, 2002 WL 1163619, at *1 (E.D. La. May 30, 2002). Difficulties identifying or even serving the class do not preclude counsel from requesting an extension prior to the deadline. Lowery, 2015 WL 5321758, at *5; Restreppo, 2012 WL 1941926, at *1.

Courts liberally construe good cause when an extension is filed before the deadline. Jones v. Yale Enforcement Servs., Inc., No. 14-2831, 2015 WL 10557394, at *1 (E.D. La. Feb. 27, 2015). Conversely, courts view good cause narrowly when the deadline has passed. See, e.g., Lowery, 2015 WL 5321758, at *5 ("Plaintiff should have filed his Motion for Extension . . . regardless of the difficulties he faced in filing for class certification. Plaintiff failed to show good cause and due diligence. Nothing precluded

Plaintiff from filing the motion for extension before the deadline. Because the motion was untimely, it is denied.").

II.

The plaintiffs first move to extend the deadline to file a motion for class certification on the ground that their motion is timely, arguing that the defendants' amended joint notice of removal on November 15, 2017, creates a deadline of February 14, 2018. Perhaps sensing the weakness of that argument, the plaintiffs also contend that good cause supports the requested extension because discovery would benefit class certification issues. The defendants counter that the plaintiffs' motion is untimely, given that the original joint notice of removal on August 9, 2017, set a deadline of November 8, 2017, which passed before the request was made. Defendants also argue that the need to conduct discovery does not demonstrate good cause to extend the deadline, nor does the plaintiffs' failure to conduct discovery justify the plaintiffs' failure to request an extension before the deadline.

> A. The deadline for a motion to certify the class is 91 days after the original notice of removal.

Although the plaintiffs contend that Local Rule 23.1(B) permits the amended notice of removal to be used in calculating the 91-day deadline, the plain language of the local rule and case

8

law interpreting it strongly suggest otherwise: the original notice of removal constitutes the proper date for determining the deadline. See Lowery, 2015 WL 5321758, at *1, *5; McGuire, 2007 WL 1198935, at *1-2; Escoe, 2007 WL 2903048, at *2. Allowing amended notices of removal to restart the clock would frustrate the Court's mandate that class certification be determined "at an early practicable time," create inconsistency with the case literature regarding amended complaints, and contradict the plain language of the local rule. Fed. R. Civ. P. 23(c)(1). Holding that the original notice of removal starts the clock is a clear rule that sets a hard and fast deadline.

Here, the original notice of removal, filed on August 9, 2017, created a deadline of November 8, 2017, for plaintiffs to seek class certification, or at least request an extension. The plaintiffs submitted a motion to extend on December 6, 2017, nearly one month later. Absent a showing of good cause, the plaintiffs' motion to extend should be denied as untimely, and the class allegations should be stricken or dismissed. Thigpen, 2015 WL 1292821, at *2; see Lowery, 2015 WL 5321758, at *1, *5 (holding that an extension first requested approximately one month past the deadline was denied as untimely); see also Beanal v. Freeport-McMoRan, Inc., 969 F. Supp. 362, 367 (E.D. La. 1997) (noting that

an extension first requested four days past the deadline was denied as untimely).

B.    No good cause exists to support the motion to extend.

The plaintiffs claim that good cause warrants an extension for class certification because further discovery would benefit class certification issues. In particular, the plaintiffs allege that the defendants have geographic information that would help define the class, as well as scientific data that the defendants will likely contest as irrelevant. Without citing any authority, the plaintiffs generically assert that good cause exists because "it will take time for the parties to exchange and review discovery on these important matters and for other issues related to class certification."

However, the fact that discovery would be beneficial to a class action determination does not excuse the plaintiffs from seeking a timely extension of the deadline as Local Rule 23.1(B) requires. See Lowery, 2015 WL 5321758, at *5; Restreppo, 2012 WL 1941926 at *1; Kramer, 2002 WL 1163619, at *1; Stewart, 2001 WL 1000732, at *1-2. The plaintiffs have failed to show how they acted diligently in attempting to make discovery related to class certification prior to the deadline. Because no good cause supports

an extension and the request itself is untimely, the motion to extend must be denied.

Accordingly, for the foregoing reasons, the plaintiffs' motion for extension of time to file for a motion for class certification is DENIED.

New Orleans, Louisiana, January 9, 2018

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE