UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT TAYLOR, JR., ET AL. | CIVIL ACTION |
| v. | NO. 17-7668 |
| DENKA PERFORMANCE ELASTOMER LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' Rule 54(b) motion to reconsider the Court's order denying motion for extension of time to file motion for class certification; and defendant E. I. du Pont de Nemours and Company's motion to strike plaintiffs' motion for class certification and appointment of class counsel. For the reasons that follow, the plaintiffs' motion is DENIED, and the defendant's motion, which is construed as a motion to dismiss class allegations, is GRANTED.

**Background**

This litigation arises from the defendants' production of neoprene at their St. John the Baptist Parish facility, which allegedly exposes those living in the vicinity to concentrated

1

levels of chloroprene well above the upper limit of acceptable risk, resulting in a risk of cancer more than 800 times the national average.

The Pontchartrain Works facility (PWF), located in LaPlace, Louisiana, is the only facility in the United States that continues to manufacture a synthetic rubber known as neoprene. The neoprene production works at PWF were owned and operated from 1969 through November 2015 by E.I. du Pont de Nemours and Company (DuPont). DuPont still owns the land, but the production works are now owned and operated by Denka Performance Elastomer LLC (DPE). As part of the neoprene production process, chloroprene is manufactured; since 2010, chloroprene has been classified by the U.S. Environmental Protection Agency as a likely human carcinogen.

Robert Taylor, Jr., Kershell Bailey, Shondrell P. Campbell, Gloria Dumas, Janell Emery, George Handy, Annette Houston, Rogers Jackson, Michael Perkins, Allen Schneider, Jr., Larry Sorapuru, Sr., Kellie Tabb, and Robert Taylor, III are all individuals living near PWF in Reserve, Edgard, and LaPlace, Louisiana. On June 29, 2017, these individuals, individually and as representatives of a putative class of similarly situated plaintiffs, sued Denka Performance Elastomer LLC and E.I. DuPont De Nemours and Company in the Louisiana 40th Judicial District Court in St. John the Baptist Parish. The plaintiffs allege that DuPont has emitted

chloroprene for many years at levels resulting in concentrations many times the upper limit of acceptable risk, and DPE continues to do so.  In April 2017, the EPA released a redacted inspection report showing more than 10,000 violations by Denka related to emissions of chloroprene from the PWF.  It is alleged that the top six census tracts in the nation with the highest NATA-estimated cancer risks are the census tracts in the vicinity of the PWF. Accordingly, the plaintiffs allege Louisiana state law claims of nuisance, trespass, negligence, and strict and absolute liability; they seek injunctive relief and damages resulting from alleged exposure to chloroprene released from the PWF.[1]

The defendants jointly removed the lawsuit on August 9, 2017, invoking this Court's diversity jurisdiction.  The plaintiffs timely moved to remand, arguing both that removal was procedurally defective (because the defendants failed to sufficiently allege their citizenship at the time of removal) and that the Court lacked diversity jurisdiction over the lawsuit.  The defendants opposed the plaintiffs' motion to remand and, in response to the plaintiffs' argument that the allegations of citizenship were

---

[1] The plaintiffs allege that they do not now seek to recover for personal injury damages due to chloroprene exposure; rather, they allege that they "seek to preserve" the right to bring claims to recover for compensatory damages when evidence linking chloroprene emissions to physical injury may be developed.

technically defective, the defendants additionally requested leave to file an amended joint notice of removal to correct any technically defective allegations. On November 15, 2017, this Court denied the plaintiffs' motion to remand and granted the defendants' request for leave to file an amended notice of removal; the amended notice of removal was filed that same day.[2]

On December 12, 2017, the plaintiffs requested an extension of the deadline to file a motion for class certification under Local Rule 23.1(B). The defendants opposed the motion to extend, arguing that they removed the case on August 9, 2017, which created a November 8, 2017 deadline for plaintiffs to move for class certification; the defendants argued that the request for an extension was untimely and that the plaintiffs failed to show good cause to warrant an extension. Applying this Court's Local Rule mandating that the deadline for seeking class certification is 91 days after a notice of removal is filed, and determining that the plaintiffs failed to show good cause to excuse their failure to meet the deadline, the Court denied the plaintiffs' untimely request for an extension to file their motion for class certification. See Order and Reasons dtd. 1/9/18. The plaintiffs

---

[2] Meanwhile, the plaintiffs filed an unopposed motion for leave to file a second amended and restated class action complaint; the motion was granted.

now urge the Court to reconsider its January 9 Order and Reasons, and DuPont moves to strike the plaintiffs' motion for class certification, which was filed the same day that plaintiffs filed their motion to reconsider.

I.
*A.*

Rule 54(b) of the Federal Rules of Civil Procedure governs the plaintiffs' motion to reconsider this Court's Order and Reasons in which it denied the plaintiffs' request for an extension of time to seek class certification. Rule 54(b) states:

> **(b) Judgement on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief whether as a claim, counterclaim, crossclaim, or third-party claim or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. See Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017)(determining that the district court's erroneous application of the "more exacting" Rule 59(e) standard to a motion

5

granting partial summary judgment was harmless error given that the appellant was not harmed by the procedural error).

Rule 54(b) authorizes the district court to "revise[] at any time" "any order or other decision...that does not end the action." Fed. R. Civ. P. 54(b); Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017). Under this rule, the Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Austin, 864 F.3d at 336 (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(*en banc*)). Compared to Rule 59(e),[3] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves [is] more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" Id. at 337 (quoting Cobell v. Jewell, 802 F.3d 12, 25-26 (D.C. Cir. 2015)(internal citations

---

[3] Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." Austin, 864 F.3d at 336 (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

omitted)(quoting Greene v. Union Mutual Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985)(Breyer, J.)).

*B.*

The plaintiffs urge the Court to reconsider its order denying their request for more time to move for class certification. They say reconsideration is warranted because the Court erred in issuing its ruling the day before the noticed submission date and before considering the plaintiffs' motion for leave to file a reply; in other words, the plaintiffs argue that the Court denied their motion without the benefit of full briefing. The defendants counter that: (a) the plaintiffs identify no manifest error of law or manifest injustice, (b) the plaintiffs chose to ignore authority holding that an amended notice of removal does not restart the Local Rule 23.1(B) clock, (c) the Local Rules do not give any party a right to file a reply brief, (d) a district court has broad discretion to accept or reject a proposed reply, and (e) the plaintiffs' proposed reply does not cite any binding legal authority directly adverse to the Court's conclusion that an amended notice of removal does not revive the 91 day deadline for seeking class certification. Because the plaintiffs fail to identify any legal error in January 9, 2018 Order and Reasons, the plaintiffs fail to persuade the Court to reconsider its ruling.

Even viewed through the "less stringent" lens of Rule 54(b), the plaintiffs fail to persuade the Court to reconsider its determination that their request to extend the deadline within which to seek class certification was untimely and unsupported by good cause. The plaintiffs characterize the Court's ruling on the issue of timeliness as "manifest error of law" and, they argue, that their "inability to present that [timeliness] argument to the Court prior to the ruling represents a manifest injustice, which was then compounded when...the [p]laintiffs' motion for leave to file the reply memorandum was denied as moot." The plaintiffs suggest that there is no danger here that the Court will be considering rehashed arguments because what they seek instead is "to have this Court give full effect to the Notice of Submission and to issue an order taking into account [p]laintiffs' briefing on the timeliness issue."

But the plaintiffs fail to identify anything resembling a manifest error of law or an injustice. As movants seeking an extension of time, the plaintiffs suggested (without any supporting or persuasive analysis) that Rule 23.1(B)'s 91-day deadline began to run from the day the defendants filed their *amended* notice of removal. The Court rejected the argument, "[g]iven the plain language of the local rule, as reinforced by the case literature[.]" <u>See</u> Order and Reasons dtd. 1/9/18.

Notably, neither the motion to reconsider nor the proposed reply offered in support of the motion for extension persuades the Court that it erred in its calculation of the 91-day deadline, or that it misinterpreted its Local Rule, or that it disregarded controlling authority in determining that the plaintiffs' motion for extension to seek class certification was filed more than 91 days after the defendants removed this putative class action lawsuit from state court.[4]

## II.

On the same date that the plaintiffs filed their motion to reconsider, the plaintiffs filed their motion for class certification and appointment of class counsel. DuPont moves to strike the plaintiffs' motion. In opposing the motion to strike, the plaintiffs correctly point out that DuPont offers no foundation for striking the motion for class certification.[5] The plaintiffs

---

[4] And, as to the issue of whether the plaintiffs showed good cause, the plaintiffs merely disagree with the Court's finding that they did not show good cause to excuse their failure to seek class certification within the deadline. Just as the plaintiffs have failed to persuade the Court to reconsider its ruling on timeliness, the plaintiffs likewise fail to persuade the Court to reconsider its good cause determination. The plaintiffs offer no persuasive reason why they could not file their motion for class certification or motion for extension before the deadline.

[5] Presumably, DuPont's request to strike the plaintiffs' motion for class certification is premised upon Rule 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Without briefing directed at the issue, the Court is not persuaded

are also correct in observing that, if the Court grants the only relief requested by DuPont (striking the motion for class certification), the plaintiffs' class allegations themselves technically remain pending.[6]

Nevertheless, the defendants and the plaintiffs appear to agree that until the plaintiffs' class allegations are formally dismissed, the allegations remain pending. As it stands, the Court has ruled that the plaintiffs failed to timely move for class certification, failed to show good cause to excuse such failure, and failed to persuade the Court to reconsider its ruling; now, the parties appear to invite the Court to determine the fate of the plaintiffs' class allegations. What DuPont seeks to achieve in moving to strike the plaintiffs' motion for class certification is in reality a dismissal of the class allegations. Accordingly, the Court construes the motion to strike as a motion to dismiss class allegations. Given that the penalty for failing to timely seek class certification is the dismissal of class allegations, see <u>Cassidy v. Ford Motor Co.</u>, No. 15-2483, 2016 WL 301131, at *1 (E.D. La. May 25, 2016)(Engelhardt, C.J.)(citing cases), the

---

that Rule 12(f) is the appropriate vehicle for striking a motion for class certification.
[6] No party moved to dismiss the class allegations, and on January 9, 2018 this Court merely decided the plaintiffs' request for an extension of the deadline to seek class certification.

request to dismiss the plaintiffs' class allegations shall be granted.

Accordingly, for the foregoing reasons, the plaintiffs' Rule 54(b) motion to reconsider the Court's order denying motion for extension of time to file for a motion for class certification is DENIED. IT IS FURTHER ORDERED: that DuPont's motion to strike the plaintiffs' motion for class certification and appointment of class counsel is construed as a motion to dismiss the plaintiffs' class allegations, and the motion is GRANTED. The plaintiffs' class allegations are hereby dismissed, and the plaintiffs' motion for class certification is DENIED as untimely for the reasons stated in this Order and Reasons and the Order and Reasons dated January 9, 2018.

New Orleans, Louisiana, February 22, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE