| | |
|---|---|
| ROBERT TAYLOR, JR., ET AL | CIVIL ACTION |
| v. | NO. 17-7668<br>c/w 18-5739* |
| DENKA PERFORMANCE ELASTOMER LLC, ET AL | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand on the ground that the Court lacks subject matter jurisdiction. Additionally, the plaintiff requests reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c). For the following reasons the motion, as to remand, is GRANTED, and the request for costs and fees is DENIED.

**Background**

This environmental tort litigation arises from the production of neoprene, which allegedly exposes those living in the vicinity of the manufacturing plant to concentrated levels of chloroprene well above the upper limit of acceptable risk, resulting in a risk of cancer more than 800 times the national average. Several residents living in what environmentalists and the media have

---

* This order applies to <u>Lydia Gerard v. Denka Performance Elastomer LLC</u>, Civil Action No. 18-5739.

dubbed "Cancer Alley" filed this lawsuit seeking injunctive relief in the form of abatement of chloroprene releases from their industrial neighbor, the Pontchartrain Works facility, the only facility in the United States still manufacturing a synthetic rubber called neoprene, which is made from chloroprene, and which the Environmental Protection Agency has classified as a "likely human carcinogen."

The plaintiff in the present motion, Lydia Gerard, is a resident of Reserve, Louisiana. On April 10, 2018, the plaintiff filed a petition for damages in the 40th Judicial District Court for St. John the Baptist Parish in which she seeks damages from defendants Denka Performance Elastomer LLC ("DPE") and E.I. du Pont de Nemours and Company ("DuPont") caused by their alleged excessive emissions of chloroprene. With her petition for damages, the plaintiff filed a binding pre-removal stipulation ("stipulation") which stipulated, inter alia, that she would not accept or seek to recover any portion of a judgment or award in excess of $50,000.

On June 8, 2018, DuPont filed its notice of removal to this Court based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). DPE consented and the matter was consolidated with Taylor et al v. Denka Performance Elastomer et al, Civil

Action No. 17-7668. The plaintiff now moves to remand her lawsuit back to state court.

I.

Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the case. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Should there be any doubt as to the propriety of removal, it should resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). If the matter is removed based on diversity of citizenship, the amount in controversy must exceed $75,000.00, complete diversity must exist, and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The parties do not dispute that complete diversity exists in this matter and, thus, the only question presented is whether the plaintiff's stipulation is sufficiently binding to limit her total recovery to an amount less than $75,000.00.

Under Louisiana law, plaintiffs in state courts may not plead a specific value of damages. La. Code Civ. P. 893. So, if a case filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412

(5th Cir. 1995). A defendant may meet this burden by showing that it is facially apparent that the amount in controversy exceeds $75,000.00. Id.; See Williams v. Axial Corp., No. 2:15-cv-440, 2015 WL 5638080, at *2 (W.D. La. Sept. 24, 2015).

If a defendant meets this burden, remand is still proper if the plaintiff demonstrates to a "legal certainty" that its recovery will not exceed the jurisdictional amount. De Aguilar, 47 F.3d at 1412. A plaintiff may meet this burden by citing in her petition to a state law that limits recovery above a certain amount, or, absent such a statute, a plaintiff may file a binding stipulation or affidavit about the damages value. Id. A plaintiff's filing after the defendant has removed the case is irrelevant. Id. (citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

II.

The plaintiff moves to remand the action to state court on the grounds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Specifically, the plaintiff contends that because she filed with her petition a binding pre-removal stipulation which waives her rights to any damages in excess of $50,000.00, the amount in controversy will not, and does not, exceed $75,000.00. The plaintiff adds that the stipulation is broad and candidly renounces "any right to enforce or collect any judgment or award in excess of $50,000.00." She contends that her

4

language "enforce . . . any judgment" necessarily includes a judgment for injunctive relief, should that injunctive relief be valued in excess of $50,000.00.

The defendants counter that the Court has jurisdiction because the stipulation only applies to damages and not equitable relief. The defendants contend that the plaintiff ignores the value of injunctive relief a court may award and the value of such injunctive relief places the amount in controversy above the $75,000.00 jurisdictional minimum.

Here, the plaintiff attached her damages stipulation to her state court petition and filed before the defendants filed their notice of removal. Thus, if the plaintiff can establish to a legal certainty that her total recovery is less than $75,000.00, the analysis ends, and the case must be remanded.

First, the Court considers whether the plaintiff's claim is one for monetary damages, injunctive relief, or both. In her prayer for relief, the plaintiff requests:

>    a) All damages as are just and reasonable under the circumstances, including but not limited to the compensation for reasonable and justified fear of cancer due to chloroprene exposure;
> 
>    b) Judicial interest from the date of the judicial demand;
> 
>    c) Such other and further relief which the Court deems necessary and proper at law and in equity and that may be

> just and reasonable under the circumstances of this matter; but as Plaintiff has stipulated,
>
> d) The value of Plaintiff's claims is less than $50,000.00, including penalties and attorney fees, but exclusive of interest and costs. Plaintiff and undersigned counsel stipulate that they will not amend these pleadings to seek greater than $50,000.00, including penalties and attorney fees, but exclusive of interest and costs. Plaintiff and undersigned counsel further stipulate that they renounce any right to enforce any judgment amount for Plaintiff's claims over and above $50,000.00, exclusive of interest and costs.

The plain language of the petition demonstrates that the plaintiff specifically requests both monetary damages and, if the Court deems necessary and proper, injunctive relief. All limited in amount.

The plaintiff contends that her stipulation is broad enough and sufficiently binding to include limitations on both monetary damages and injunctive relief in excess of $75,000.00. The Court agrees. Clauses (a)-(c) of the plaintiff's prayer for relief are immediately followed by the limitation "as the Plaintiff has stipulated," and a reference in clause (d) to the attached stipulation. This statement, therefore, clarifies that her requests for relief are to be limited by her stipulation.

The defendants submit that the stipulation only applies to compensatory damages, and not injunctive relief, because it explicitly states in paragraph one, "[t]he total monetary award sought by Plaintiff . . . [does] not exceed the sum of $50,000.00,

including penalties and attorneys' fees." The defendants ignore, however, that paragraph four of the stipulation explicitly states that the plaintiff "renounce[s] any right to enforce or collect any judgment or award in excess of $50,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs." The Court is satisfied that this stipulation is sufficiently broad in scope and binding on the plaintiff, restricting her from collecting any judgment, inclusive of injunctive relief, that exceeds a value of $50,000.00. Consequently, the Court finds that the plaintiff has established to a legal certainly that the stipulation restricts recovery in excess of the jurisdictional $75,000.00 amount in controversy.

III.

The plaintiff also requests reasonable costs and attorney's fees incurred as a result of the removal, under 28 U.S.C. § 1447(c).

The propriety of removal is central to the determination whether to impose fees. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993. The Supreme Court explained in Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005), that "the standard for awarding fees should turn on the reasonableness of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

7

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Id.

It certainly does not appear that the defendants' removal of this suit was in bad faith. The defendants reasonably argued that the plaintiff's petition included the possibility of injunctive relief and that the stipulation was not inclusive of that relief. Although the Court disagrees, the Court is not persuaded that they lacked an objectively reasonable basis for removal.

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is GRANTED and the request for fees and costs is DENIED. The case is hereby remanded to the 40th Judicial District Court for St. John the Baptist Parish.

New Orleans, Louisiana, October 15, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE