UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT TAYLOR, JR., *et al.* | CIVIL ACTION |
| VERSUS | NO. 17-7668 |
| DENKA PERFORMANCE ELASTOMER LLC AND E.I. DUPONT DE NEMOURS AND COMPANY | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion by defendant Denka Performance Elastomer LL ("DPE") for partial summary judgment seeking dismissal of plaintiffs' claims for injunctive relief from an alleged nuisance and any corresponding damages based on or arising out of the allegations stated in paragraphs 45 and 45.1 through 45.13 of the third amended complaint.[1] DPE argues that plaintiffs lack the expert testimony necessary to prove specific causation of their physical symptoms or medical conditions.[2] Plaintiffs respond in opposition arguing that DPE seeks relief from claims plaintiffs have not made because plaintiffs do not assert or seek damages for physical symptoms or related injuries, nor do they seek an injunction for an alleged nuisance and corresponding injuries related to physical symptoms or resulting distress.[3] DPE replies in further support of its motion arguing that plaintiffs indeed have asserted such claims and cannot prove that the physical symptoms and adverse physical effects they allege in the third amended complaint were specifically caused by their exposure to chloroprene.[4] Considering the parties' memoranda, the record, and the applicable law, the Court finds that, to the extent plaintiffs asserted claims for

---

[1] R. Doc. 128.
[2] R. Doc. 128-1 at 14-21.
[3] R. Doc. 132.
[4] R. Doc. 138.

injunctive relief from an alleged nuisance and any corresponding damages based on or arising out of the allegations stated in paragraphs 45 and 45.1 through 45.13 of the third amended complaint, they have now disavowed such claims and they must be dismissed.

IT IS ORDERED that DPE's motion for partial summary judgment (R. Doc. 128) is GRANTED. The plaintiffs' claims for injunctive relief or damages from an alleged nuisance predicated on the alleged manifest physical symptoms due to exposure to chloroprene from DPE's facility are hereby dismissed with prejudice.[5]

New Orleans, Louisiana, this 17th day of February, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] Because plaintiffs disavow the claims, this is not a ruling on the merits.